IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ALLEN SHEARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-cv-575-TFM |
| | ) | (WO) |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 28, 2012, the plaintiff filed a Motion for Attorney Fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d). (Doc. # 19). The Commissioner objects to an award of fees because his "position was substantially justified." (Def's Res., Doc. # 21, at 1).

Plaintiff James A. Sheard ("Sheard") applied for and was denied disability insurance benefits by the Commissioner. After his application was denied, he sought judicial review in this court. On April 2, 2012, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535

U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

It has long been the law of this circuit that an ALJ has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision. *See Holloday v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988). Although the record was replete with references to Plaintiff suffering from depression, post-traumatic stress disorder, and other psychological problems, the ALJ failed to develop the record by questioning the medical expert concerning Plaintiff's mental impairments. By failing to seek a medical expert's opinion concerning all of the relevant mental health records, the ALJ improperly substituted his judgment for that of a psychologist. Because the ALJ failed to develop the record and improperly substituted his judgment for that of a medical specialist, the ALJ committed legal error requiring a remand for further proceedings. Thus, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that Plaintiff is not entitled to fees because the Commissioner "reasonably defended the ALJ's finding that the record was sufficient to make

a determination regarding disability." (Doc. # 21 at 5).

Not only does the defendant's articulation of the issues miss the mark, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. The Commissioner offers potential rationales for the ALJ's findings but those rationales do not excuse the ALJ's failure to develop the record and improperly substitute his judgment for that of a medical specialist. The Commissioner's position was not substantially justified because the ALJ failed in *his* duties to properly evaluate all the evidence by developing the record and improperly substituting his judgment for that of a medical specialist. Consequently, the Commissioner's position was not reasonable in law, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $1,843.75. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 19) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $1,843.75.

2. To the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[1] *See* 28 U.S.C. § (d)(2)(B). The motion that fees be paid directly to counsel be and

---

[1] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court

is hereby DENIED.

DONE this 22nd day of August, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").